42 F.3d 1408
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PRINCE SPORTS GROUP, INC., Plaintiff/Cross-Appellant,
v.
WILSON SPORTING GOODS CO., Defendant-Appellant
and
Jack L. Frolow, Counterclaimant-Appellant.*
 Nos. 94-1451, 94-1479.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 Wilson Sporting Goods Co. and Jack L. Frolow move to dismiss Prince Sporting Group, Inc.'s cross-appeal for lack of jurisdiction. Prince opposes. We also consider, sua sponte, whether this court has jurisdiction over Wilson's appeal.
 
 
 2
 In March 1992, Prince and Wilson settled a dispute pending in the United States District Court for the District of New Jersey. Two years later, in April 1994, Prince filed a second action. Prince sought (1) a declaratory judgment of noninfringement, (2) a declaratory judgment of invalidity, (3) a return of certain royalties paid in 1993, and (4) damages for Wilson's breach of the 1992 settlement agreement. Wilson counterclaimed for infringement and sought to preliminarily enjoin Prince. Prince moved for partial summary judgment of noninfringement and invalidity.
 
 
 3
 The district court granted Prince's motion for summary judgment of noninfringement. Regarding the matters remaining, the district court stated:
 
 
 4
 In light of this Court's finding that the Prince racquets at issue do not infringe upon the Frolow patents, the Court need not and will decline to address the invalidity issue raised by Prince. Furthermore, as agreed to by both counsel during oral argument, the Court's granting of plaintiff's cross-motion of partial summary judgment would render moot Wilson's application for injunctive relief. In fact, all that remains of this case are Counts III & IV of Prince's complaint seeking remittance of its 1993 royalty payments ... and charging Wilson with breach of the March 1992 settlement agreement.
 
 
 5
 Wilson appealed the district court's order as the denial of an injunction. Prince cross-appealed seeking review of the district court's ruling declining to address the invalidity issue.
 
 
 6
 Wilson moves to dismiss Prince's cross-appeal arguing that the district court's ruling on validity is interlocutory and not appealable. In response, Prince argues that (1) this court has jurisdiction over the court's "order" which includes the district court's refusal to rule on invalidity and (2) this court may exercise "pendent jurisdiction" to review an otherwise unappealable interlocutory order when it is closely related factually, and interdependent with, an appealable interlocutory order. Intermedics Infusaid v. Regents of Univ. of Minn., 804 F.2d 129, 134 (Fed.Cir.1986). We first consider whether we have jurisdiction over Wilson's appeal.
 
 
 7
 Wilson states that it is appealing an order that denied an injunction. 28 U.S.C. Sec. 1292(a)(1), (c)(1) (providing for appellate jurisdiction over interlocutory orders refusing injunctions). However the district court did not deny Wilson's motion for an injunction. Rather, the district court mooted the injunction motion in light of its finding of no infringement. Under these circumstances, an order that has the effect of denying an injunction is immediately appealable only if such order causes irreparable consequence and can be effectually challenged only by immediate appeal. Woodard v. Sage Products, Inc., 818 F.2d 841, 842 (Fed.Cir.1987) (in banc). The Woodard decision involved facts which are similar to the instant case. In Woodard, the district court granted a motion for summary judgment of noninfringement. The district court's order did not discuss the patent holder's pending motion for a preliminary injunction. The patent holder sought to immediately appeal the order. This court dismissed because appellant failed to show serious consequence or that the appeal could not be effectually reviewed after final judgment. Woodard, 818 F.2d at 842.
 
 
 8
 In this case, the dispute between the parties revolves around whether certain Prince racquets fall within the claims of Wilson's patents and hence under the sublicensing agreement. The remedy for such manufacture and sales would be the payment of the royalties called for under the agreement. Prince states in its submission that if its racquets fall within the claims of Wilson's patents, "it is willing to pay royalties under the sublicense." Prince also points out that Wilson has granted sublicenses to other competitors.
 
 
 9
 Under these circumstances, like the circumstances in Woodard, it does not appear that serious or irreparable consequence will ensue in the absence of immediate appeal of the district court's order or that Wilson may not effectually seek review of any adverse rulings after the district court completes its proceedings. See Carson et al. v. American Brands, Inc., 450 U.S. 79, 85-87 (1981) (irreparable harm results from a denied opportunity to obtain injunctive relief rather than a mere delayed or postponed opportunity). Thus, we determine that the district court's order granting partial summary judgment does not meet the standards for immediate appealability of an order having the effect of denying an injunction. Because the district court's order is not immediately appealable, Prince similarly may not seek review of the interlocutory order.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) We, sua sponte, dismiss Wilson's appeal no. 94-1451.
 
 
 12
 (2) Wilson's motion to dismiss Prince's cross-appeal no. 94-1479 is granted.
 
 
 13
 (3) Each side shall bear its own costs.
 
 
 
 *
 The revised official caption is reflected above